IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No.  05-cv–1525-PSF-CBS

LORRAINE M. MARTINEZ,

      Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,
d/b/a The Hartford and also known as Hartford Life Insurance Company, and
WAL-MART STORES, INC., LONG TERM DISABILITY BENEFITS PLAN,

      Defendants.

---

## ORDER SETTING CASE MANAGEMENT CONFERENCE UNDER F.R.CIV.P. 16

---

THIS MATTER comes before the Court upon a Notice of Removal filed August

10, 2005 by the defendant asserting that this case is one in which plaintiff seeks to

recover benefits under the Employee Retirement Income Security Act of 1974

("ERISA"), particularly 29 U.S.C. § 1132(a)(1)(B) and (e).  A scheduling conference

pursuant to F.R.Civ.P. 16(a) and D.C.COLO.LCivR 16.1 appears necessary.  It is,

therefore,

      ORDERED:

      1.      A scheduling conference is set for **September 9, 2005, at 2:30 p.m.** in

Courtroom A602 of the United States Courthouse located at 901 19th Street, Denver,

Colorado.  The parties **shall not** prepare or submit a proposed scheduling order;

however, consistent with D.C.COLO.LCivR 16.1, lead counsel shall attend the

conference.

2.      At least ten days prior to the scheduling conference, the parties shall confer and stipulate to and file all pertinent ERISA plan documents including summary plan descriptions.  At the conference, the parties shall be prepared to address all applicable provisions in the plan documents.

3.      At the scheduling conference, the parties shall be prepared to address the following:

(a)      Standard of Review:

• Do the plan documents confer discretion upon the plan administrator to interpret the plan?

• Is this Court's review of the plan administrator's decision *de novo* or under an arbitrary and capricious standard?

• If under an arbitrary and capricious standard requiring deference to the plan administrator, is there a "conflict of interest" or other "procedural irregularity" that requires the Court to "slide along the scale" with respect to the amount of deference, as required under *Fought v. Unum*, 379 F.3d 997, 1006-07 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 1972 (2005). .

(b)      Administrative Record:

• What documents comprise the administrative record?

• How much time do the parties need to compile and submit the administrative record?

(c)      Discovery:

• Does the claimant contend that the plan administrator had a conflict of interest in administering the plan?  If so, are there facts in dispute concerning this issue?

• Is there a need for discovery?  If so, as to what issues?

(d)      Any other issues enumerated in F.R.Civ.P. 16(c)

(e)      Whether plaintiff's First and Second Claims for Relief are preempted by ERISA and should be dismissed pursuant to the Tenth Circuit's decision in *Kidneigh v. Unum Life Ins. Co. of North America, Inc.,* 345 F.3d 1182 (10th Cir. 2003) *cert. denied*, 540 U.S. 1184 (2004).

(f)      The amount of money in controversy.


DATED:  August 19, 2005.

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge